

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 4, 1963

Hon. Doug Crouch
District Attorney
Tarrant County
Fort Worth, Texas

Dear Mr. Crouch:

Opinion No. C-51

Re: Whether, under the provisions
of Article 5547-14, Vernon's
Civil Statutes, the Sheriff
of Tarrant County may be com-
pensated on a mileage basis
for transporting mental
patients to mental institu-
tions and related questions.

This office has received your request for an opinion
in which you ask the following questions:

"Pursuant to the provisions of Article
5547-14, VACS, Paragraph (b) may the County
Sheriff of Tarrant County, Texas, be compen-
sated on a mileage basis for transporting
mental patients to the appropriate mental
institutions. If the Sheriff may be so com-
pensated on a per mile basis, then how much
may be assigned to the patient or his estate
per mile for such transportation?

"If the Sheriff may be allowed actual
expenses assessed as costs, then does this
mean the amounts actually paid out for fuel
for the vehicle and any necessary meals and
the necessities incidental to the journey or
may it include the salaries of the deputies
assigned to such transportation, together with
approximated per mileage depreciation on the
vehicle used."

The following statutes are pertinent to the questions
propounded to this office:

"Art. 6877-1. Transportation of sheriffs
and deputies; allowance for expenses

"The County Commissioners Courts of this State are directed to supply and pay for transportation of sheriffs of their respective counties and their deputies to and from points within this State, under one of the four (4) following Sections:

"(a)  Such sheriffs and their deputies shall be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.

" (b) Motor vehicles shall be furnished to such sheriffs and their deputies who may furnish gas and oil, wash and grease, incidental to the operation of such vehicles; for which gas and oil, wash and grease, such sheriffs and deputies shall be compensated at a rate not to exceed six cents (6¢) per mile for each mile such vehicle is operated in the performance of the duties of his office.

"(c)  Alternatively such County Commissioners Courts may allow sheriffs and their deputies in their respective counties to use and operate cars on official business which cars are personally owned by them for which such officers shall be paid not less than eight cents (8¢) per mile nor more than fifteen cents (15¢) per mile for each mile traveled in the performance of official duties of their office.

"(d)  All compensation paid under the provisions of this Act shall be upon a sworn statement of such sheriff."

"Art. 5547-14.  Costs

"(a)  The county of legal residence of the patient shall pay the costs of Temporary Hospitalization, Indefinite Commitment and Re-examination and Hearing proceedings, including attorneys' fees and physicians' examination fees, and expenses of transportation to a State mental hospital or to an agency of the United States.

"(b) For the <u>amounts of these costs actu-</u>
<u>ally paid</u>, the <u>county is entitled to reimbursement</u>
<u>by the patient or any person or estate liable for</u>
<u>his support in a State hospital."</u> (Emphasis added).

Article 5547-14 (a), Vernon's Civil Statutes, authorizes the county to pay costs of transportation of a patient to a State mental hospital. Article 5547-14 (b) entitles the county to reimbursement of the transportation costs actually paid by the county from the patient, or the person or estate liable for his support in a State hospital.

A Sheriff or his deputy, while acting in his official capacity, is furnished transportation or is reimbursed traveling expenses by the Commissioners Court in one of the three methods enumerated under Article 6877-1, Vernon's Civil Statutes.

To determine the costs <u>actually paid</u> we must look to the method of providing transportation which the Commissioners Court has elected to use under Article 6877-1 of Vernon's Civil Statutes. This office is advised that the Commissioners Court furnishes county vehicles for the Sheriff and his deputies in certain instances and, in other cases, the deputy Sheriffs use their own personal vehicles and are reimbursed by the county pursuant to the appropriate provision in Article 6877-1 of Vernon's Civil Statutes. However, in the instant case, Honorable Lon Evans, Sheriff of Tarrant County, has advised us that the mental patients are always transported to mental institutions in county vehicles, and that the Commissioners Court reimburses the Sheriff and his deputies pursuant to the provisions of Article 6877-1(a) for their actual expenses in transporting these patients to mental institutions.

Since Tarrant County pays "all necessary and reasonable expenses" incident to the transportation of patients to mental hospitals, these expenses should be charged to the patient or person or estate liable for his support, and they would include depreciation of automobiles, gas and oil, salary of any attendant or matron other than the Sheriff and his deputies, which are necessary to the transportation of the patient to the hospital, and any other necessary and reasonable expense attributable to the trip.

## S U M M A R Y

When a Sheriff or his deputy transports a mental patient to a State hospital the county is entitled to reimbursement for <u>costs actually paid</u> by the county

from the patient, or any person or estate liable for his support in a State hospital under Article 5547-14(a)(b), Vernon's Civil Statutes.

The Sheriff of Tarrant County and his deputies use county vehicles for the transportation of mental patients to mental institutions, and since the county reimburses them pursuant to the provisions of Article 6877-1(a) of Vernon's Civil Statutes, the county may charge this expense to the patient or person or estate liable for his support. These costs would include such expense as depreciation of automobiles, gas and oil, salary of any attendant or matron other than the Sheriff or his deputies which are necessary to the transportation of the patient to the hospital, and any other necessary and reasonable expenses attributable to the trip.

Yours very truly,

WAGGONER CARR
Attorney General

By: Bill Morse Jr.

Bill Morse, Jr.
Assistant

BM:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Scott Garrison
Howard Mays
Paul Phy
APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone